IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KEITH HENDERSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL NO. 7:14-CV-0192-HL-TQL |
| | : | |
| Nurse JACKSON, | : | |
| | : | |
| Defendant | : | |

_____

### ORDER ON MOTION

     Plaintiff Keith Henderson, an inmate currently confined at Valdosta State Prison, filed a "Notice of Appeal" in this Court apparently seeking to appeal a decision made in a civil case filed in the Superior Court of Lowndes County, Georgia. After conducting a preliminary review of Plaintiff's pleading this Court noted that Plaintiff, a three striker, was precluded from proceeding in the action *in forma pauperis* under 28 U.S.C. § 1915(g). However, because Plaintiff's pleading was also found frivolous, it was dismissed pursuant to 28 U.S.C. § 1915A. See Order, Dec. 16, 2014 (Doc. 6). Plaintiff subsequently filed a Motion for Reconsideration (Doc. 9). Upon review, the Court found that his motion included nothing other random legal citations and irrelevant arguments. It provided no basis for reconsideration and was thus denied. See Order, Dec. 30, 2014 (Doc. 10).

     Plaintiff has now filed a post-judgment pleading (Doc. 17), which is construed as a motion to amend. Under the Federal Rules, leave to amend is to be freely given when justice so requires. Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir.1988) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981)). A *pro se* litigant is thus generally allowed at least one opportunity to amend his complaint even if the plaintiff does not seek leave to amend until after the

district court renders final judgment. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). The district court, however, need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id.

In this case, Plaintiff's motion fails to address the grounds for dismissal of his original pleading. Plaintiff has instead cast an entirely new complaint, more than three months after the dismissal, asserting civil rights claims against dozens of prison officials through more random legal citations and disjointed arguments. The amended complaint thus fails to state a viable claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); Fed. R. Civ. P. 8. However, even if Plaintiff's incoherent allegations could state a claim, these new claims would also be subject to dismissal under 28 U.S.C. § 1915(g), as Plaintiff does not sufficiently plead an imminent danger of serious physical injury. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir.1999); White v. State of Colorado., 157 F.3d 1226, 1231 (10th Cir.1998).

Amendment of the Complaint to add these parties and claims would therefore be futile. See Butler v. Prison Health Svc., Inc., 294 F. App'x 497, 500 (11th Cir. 2008) (proposed amendments which only identified new defendants and did not address merits of claims were futile). Plaintiff's post-judgment motion to amend is accordingly **DENIED** for this reason and because of Plaintiff's undue delay in filing his amended complaint. See id.

**SO ORDERED**, this 3rd day of April, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr